UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOANDOVER MARTINEZ LEON,

    *Petitioner*,

v.                                            Case No. 3:26-cv-322-JEP-MCR

RONNIE WOODALL, et al.,

    *Respondents*.
_____/

## **ORDER**

Petitioner initiated this action through counsel by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and complaint for temporary restraining order, in which he challenges his "ongoing and unlawful detention." Doc. 1 at 2, ¶ 1. Petitioner alleges he is "a national of Venezuela lawfully present in the United States via pending immigration proceedings, currently detained at the Florida Baker Correctional Institute." *Id.* ¶ 8.[1] He says he has an asylum application pending and was detained on December 15, 2025, presumably pursuant to an ICE detainer. *Id.* at 3, ¶¶ 14, 15, 19. According to Petitioner, his detention under 8 U.S.C. § 1225—as opposed to § 1226—violates the Fourth, Fifth, and Fourteenth Amendments, and "[l]ocal jail officials lack

---

[1] Petitioner has two paragraphs marked as paragraph "8." *See* Doc. 1 at 2. The Court's cite is to the second paragraph marked as "8."

authority to effectuate civil immigration detention absent lawful federal process." *Id.* at 4, ¶¶ 24–27, 31.

With his petition, Petitioner filed an emergency motion for temporary restraining order and preliminary injunctive relief (Doc. 2). His motion repeats the allegations in his petition. As relief, he requests that the Court enjoin Respondents[2] (collectively, "the Government") from transferring him or changing his custodial status, alleging he "faces a credible and imminent risk of transfer in state and out of state, including recurring transfers that would materially interfere with this Court's jurisdiction and Petitioner's access to counsel." *Id.* at 7.

Injunctive relief "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant;

---

[2] Petitioner lists Louis Quinones, the Warden of the Orange County Jail, as a respondent. However, his allegations make clear that at the time he filed this case, he was no longer housed at the Orange County Jail; thus, Quinones does not have custody of Petitioner and is not a proper respondent. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 434–42 (2004). Therefore, the Court will dismiss all claims raised against him.

and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Petitioner has not demonstrated a substantial likelihood of success on the merits of his underlying claim—that his detention under § 1225(b)(2)(A), which does not require a bond hearing, is unlawful. Although he cites decisions rejecting the Government's interpretation of the interplay between § 1225 and § 1226, *see* Doc. 1 at 5-6, ¶¶ 35, 36, 37; Doc. 2 at 4-5, ¶¶ 20, 21, 23, the undersigned has carefully considered the issue and has concluded the statutory language and context support the Government's position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't & Removal Operations*, No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *1 (M.D. Fla. Jan. 26, 2026); *see also Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).[3]

---

[3] To date, while numerous district courts have addressed the statutory interpretation question that Petitioner presents, only one court of appeals—the Fifth Circuit—has squarely done so. And in that recently issued opinion, the Fifth Circuit gave the same answer that this Court did in *Diaz Lopez*. Having reviewed the opinion, this Court deems highly persuasive the Fifth Circuit's dispassionate, carefully reasoned, and thorough analysis, which the court judiciously confined to the statutory

Because Petitioner has not shown a substantial likelihood of success on the merits of the underlying claim,[4] his motion will be denied.

Therefore, it is **ORDERED** and **ADJUDGED**:

1. Petitioner's motion (Doc. 2) is **DENIED**.

2. The Court dismisses all claims raised against Louis Quinones.

3. A separate order will enter directing service of the petition.

**DONE AND ORDERED** in Jacksonville, Florida, on February 20, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

text, structure, context, and history, without discussion of extraneous considerations. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10.

[4] While Petitioner twice mentions the Fourth Amendment in his motion, *see* Doc. 2 at 4-5, ¶¶ 19, 22, his argument is undeveloped and unsupported by any legal authority. Indeed, the cases he does cite, *see id.* ¶¶ 21, 23, do not rely on the Fourth Amendment. Further, Petitioner invokes the Due Process Clauses of the Fifth and Fourteenth Amendments in his petition, *see* Doc. 1 at 4, but not in the motion, which only generically refers to "due process" in the course of an underdeveloped argument. Generously construing the motion to assert due process claims under the Fifth Amendment as to the federal respondents and the Fourteenth Amendment as to the remaining state respondent, it fails to show a substantial likelihood of success on the merits, as it presents no persuasive reason for the undersigned to depart from *Diaz Lopez*, which rejected a due process claim by a similarly situated petitioner. *See* 2026 WL 261938, at *12.

c:
Counsel of Record